TERRACE DRIVE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7438.    Promulgated January 25, 1927.

*Arthur B. Foye, C. P. A.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

ARUNDELL: The Commissioner has determined a deficiency in income tax for the calendar year 1921 in the amount of $1,354.91 and overassessments amounting to $13,066.70 for the calendar years 1919, 1920, and 1922. The appeal was taken for all four years, but on the date the case was heard the taxpayer conceded that, under authority of the Board's decision in the *Appeal of W. H. Morefield,* 4 B. T. A. 394, the Board would not have jurisdiction over the years in which overassessments were found, and it made no further contention with reference thereto.

The deficiency is based on the profits alleged to have been made by petitioner from the sale of certain lots constituting a portion of

a large tract of land acquired by it at the time of its incorporation in 1917. The Commissioner determined the value of the property at the date of its acquisition by petitioner at $190,000 and used that figure as a basis for determining gain on the sale of certain lots in the tract, leaving in dispute only the question of the proper allocation of the cost of the lots sold. Thereafter, the Commissioner filed an amended answer in which he denied that the value of the property at the time of its acquisition was $190,000, but asserted that the value was $80,000. He, however, failed to offer any proof in support thereof and later withdrew the affirmative part of his answer alleging the valuation of $80,000, thus leaving the valuation as originally determined in the deficiency letter, viz, $190,000. At the time of the hearing the following stipulation was filed:

It is hereby stipulated by and between the parties to this appeal, the Appellant, Terrace Drive Company, and Respondent, Commissioner of Internal Revenue, that in the hearing of this appeal and trial of the issues therein, and for all purposes in this proceeding, the following facts shall be deemed to be true, and shall be accepted by the Board as established, and may be read into the record by either party with the same force and effect as if the same had been proved and established by competent testimony and evidence, namely:

(1) The Terrace Drive Company was incorporated under the laws of the State of Oklahoma, as of July 16, 1917, and immediately thereafter, in consideration of its entire issue of capital stock of $25,000.00 par value, acquired a tract of land known as the "Terrace Drive Addition," located in the City of Tulsa, Oklahoma.

(2) Said Terrace Drive Addition was recorded on the books of the company at the date of its acquisition at a value of $80,000.00.

(3) In determining the profit on lots sold during the year 1921, including lots in said Terrace Drive Addition based on the value of $80,000.00 as used in the tax return, the cost of all lots sold was $14,265.05.

(4) The cost of lots sold during the year 1921, including the lots in said Terrace Drive Addition, as used in determining the taxable income set forth in the deficiency letter was $15,534.82.

(5) The cost of the lots sold during the year 1921, including the lots in said Terrace Drive Addition, based on a value of $190,000.00 at date of acquisition, would be $28,100.68.

(6) That if the value at acquisition of the Terrace Drive Addition is determined by the United States Board of Tax Appeals to be $190,000.00, the net taxable income shown in the deficiency letter for the year 1921 shall be decreased $12,565.86.

In view of the foregoing, it is the conclusion of the Board that the net taxable income of petitioner as determined by the Commissioner for the year 1921 should be decreased $12,565.86.

*Judgment will be entered on 15 days' notice, under Rule 50.*